# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| SEDLEY ALLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:06-0340 |
| ) | Judge Trauger |
| GEORGE LITTLE, in his official capacity as ) | |
| Tennessee's Commissioner of Correction; ) | |
| RICKY BELL, in his official capacity as Warden, ) | |
| Riverbend Maximum Security Institution; ) | |
| JOHN DOE PHYSICIANS 1-100; ) | |
| JOHN DOE PHARMACISTS 1-100; ) | |
| JOHN DOE MEDICAL PERSONNEL 1-100; ) | |
| JOHN DOE EXECUTIONERS 1-100; and ) | |
| JOHN DOES 1-100, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Pending before the court is the Motion for Preliminary Injunction filed by the plaintiff, Sedley Alley (Docket No. 23), to which defendants George Little and Ricky Bell have responded (Docket No. 24), and the plaintiff has replied (Docket No. 25). For the reasons discussed herein, the plaintiff's motion will granted.

1

# FACTS and PROCEDURAL HISTORY

The plaintiff is a condemned inmate at Riverbend Maximum Security Institution in Nashville, Tennessee.[1] His execution has been scheduled for 1:00 a.m. on May 17, 2006.

In 1989, the Tennessee Supreme Court affirmed the plaintiff's death sentence. On January 14, 2004, that court set for the plaintiff a June 3, 2004 execution date. On May 19, 2004, the United States District Court for the Western District of Tennessee granted his request for a stay of execution based on a then-pending Sixth Circuit decision regarding whether to treat a Rule 60(b) motion as a habeas petition. (*See* Docket No. 16 at 4.) Following the resolution of these issues, the Tennessee Supreme Court, on March 29, 2006, set the plaintiff's current execution date. Using § 1983 as the vehicle for his claims, he brought a challenge to Tennessee's lethal injection protocol on April 11, 2006.

On May 2, 2006, this court ordered the case held in abeyance pending the United States Supreme Court's resolution of *Hill v. McDonough*, which will address whether an inmate may use § 1983 as a vehicle for such claims. (*See* Docket No. 22.) The plaintiff now seeks injunctive relief from his execution pending the Supreme Court's disposition in *Hill*. (*See* Docket No. 23 at 1.)

# ANALYSIS

---

[1]A full recitation of the facts is provided in this court's Memorandum of May 2, 2006. (*See* Docket No. 21) Unless otherwise indicated, all facts here have been drawn from the plaintiff's Complaint (Docket No. 1) and from his Response to Motion to Dismiss of Defendants Little and Bell (Docket No. 19).

2

The defendants claim that an injunction is unnecessary because *Hill* "will not address the validity of any lethal injection protocol, much less Tennessee's." (*See* Docket No. 24 at 1.) Before this court may analyze the plaintiff's challenge to Tennessee's lethal injection protocol, however, it first must ensure that it has subject-matter jurisdiction over his claims. *See Ins. Corp. of Ireland v. Compagnie de Bauxites de Guinee*, 456 U.S. 694, 702 (1982). While the defendants urge the court to go directly to the merits of the plaintiff's § 1983 claim without pausing to consider whether his challenge instead should be construed as a second habeas petition, "no action of the parties can confer subject-matter jurisdiction upon a federal court." *See id.*

Were the plaintiff's challenge to be converted to a second habeas petition, this court would lack jurisdiction over it and would be required to transfer it to the Sixth Circuit for appellate review. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) ("[W]hen a second or successive petition for habeas relief is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631."); *see also In re Sapp*, 118 F.3d 460, 463 (6th Cir. 1997) (noting that a district judge had properly determined that, if an inmate's method-of-execution challenge were to be characterized as a second habeas petition, the district court would lack jurisdiction over the claim). As explained in this court's May 2, 2006 Memorandum, this court must await guidance from the Supreme Court before determining whether such a conversion is appropriate in this case and, consequently, whether it has jurisdiction over the plaintiff's challenge. (*See* Docket No. 21 at 6-7 (holding this case in abeyance pending the resolution of *Hill*).)

Accordingly, a preliminary injunction is required in order to maintain the status quo pending the Supreme Court's decision. *See Hill v. Crosby*, 126 S. Ct. 1189, 1190 (2006)

3

(staying an inmate's execution pending the Supreme Court's determination as to whether § 1983 was a proper vehicle for his claims); *see also Rutherford v. Crosby*, 126 S. Ct. 1191, 1191 (2006) (staying an inmate's execution pending the Supreme Court's consideration of his petition for certiorari).[2]

A brief review of the four-factor analysis traditionally employed when considering whether to grant a preliminary injunction leads to the same conclusion. These factors include (1) the likelihood that the moving party will be irreparably harmed absent a preliminary injunction; (2) the prospect that others will be harmed if the court grants the preliminary injunction; (3) the public interest in granting the preliminary injunction; and (4) the likelihood that the party seeking the preliminary injunction will prevail on the merits of his claim. *See Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991). These factors are not prerequisites that each must be met, but rather are "interrelated considerations that must be balanced together." *Id.* at 153. The Sixth Circuit has recognized that courts applying this test to motions for preliminary injunctions must make decisions based upon "incomplete factual findings and legal research." *Id.* (internal quotation omitted). Bearing this obstacle in mind, the court now turns to an analysis of each of the four factors.

Detailed discussion of the first factor clearly is not necessary in execution-related cases such as this one. Absent a preliminary injunction, the plaintiff will be executed on May 17, 2006, just weeks before a likely decision in *Hill*, which could give him the right to pursue the

---

[2] Unlike other defendants confronted with challenges that are identical or nearly identical to the one in this case, the defendants here do not consent to an injunction pending *Hill* but, instead, press for the plaintiff's execution to occur as scheduled. *Cf. Jackson v. Taylor*, No. 06-300-SLR (D. Del. May 9, 2006) (unpublished); *Roane v. Gonzales*, No. 05-2337 (D.D.C. Feb. 24, 2006) (unpublished).

challenge the defendants now seek to dismiss. *See Jackson v. Taylor*, No. 06-300-SLR ¶ 4 (D. Del. May 9, 2006) (noting that the Supreme Court is expected to issue its *Hill* decision by June 30, 2006). The plaintiff's case thus presents the ultimate demonstration of irreparable harm.

Next the court examines the harm to others that might result from granting this injunction. The state will incur costs from delaying the execution, and the living relatives of the plaintiff's victim may be distressed at the delay. However, in light of the fact that the Supreme Court is expected to issue an opinion in *Hill* before June 30, 2006, the potential harm from a few weeks' delay is far outweighed by the potential harm to the plaintiff if this injunction is not granted. *See Jackson*, No. 06-300-SLR ¶ 4.

Turning to the next factor, the public does, as the defendant asserts, have an interest in executing sentences. (*See* Docket No. 24 at 5.) However, there is an interest at stake in this case that is at least as great as Tennessee's interest in seeing the plaintiff's death sentence carried out: the protection the Eighth Amendment affords each citizen of the United States. *See DePew v. Anderson,* 311 F.3d 742, 748 (6th Cir. 2002) ("[i]t is in capital cases especially that the balance of conflicting interests must be weighed most heavily in favor of the procedural safeguards of the Bill of Rights") (citing *Reid v. Covert,* 354 U.S. 1, 45-46, (1957) (Frankfurter, J., concurring)). Taking into account the detriment caused by delaying the public's "moral judgment," *see Calderon v. Thompson*, 523 U.S. 538, 556 (1998), the public interest weighs in favor of maintaining the status quo until the Supreme Court rules.

The court now moves to a brief examination of the plaintiff's ability to prevail on the merits of his challenge to Tennessee's lethal injection protocol. In cases like this one, where the other three factors militate in the plaintiff's favor, a district court is within its discretion to issue a preliminary injunction if the merits of his case "present a sufficiently serious question to justify

5

further investigation." *See In re DeLorean Motor Co.*, 755 F.2d 1223, 1230 (6th Cir. 1985); *Roth v. Bank of the Commonwealth,* 583 F.2d 527, 537-38 (6th Cir.1978), *cert. dismissed,* 442 U.S. 925 (1979). One such "serious question" is at issue here. The plaintiff, by providing expert testimony that the current lethal injection protocol causes excruciating deaths, has made an adequate showing on the merits of his Eighth and Fourteenth Amendment claims to survive his relatively light burden. The preliminary injunction stage is not the time to weigh the plaintiff's expert against the defendants'. It is in order to preserve that dispute—and the unanswered jurisdictional issue pending in *Hill*—that this court must grant a preliminary injunction.

Finally, it is important to note that any alleged "undue delay" on the part of the plaintiff does not warrant denial of the preliminary injunction. The plaintiff brought his first habeas petition before the federal courts in 1998 and, subsequently, brought a Rule 60(b) petition that was eventually held to be a second habeas attempt. *See Alley v. Bell*, 307 F.3d 380 (6th Cir. 2002) (rehearing denied Dec. 20, 2002); *Alley v. Bell*, 405 F.3d 371 (6th Cir. 2005) (remanding the case to the district court to determine whether the motion could be considered a proper 60(b) motion); *Alley v. Bell*, No. 04-5596 (W.D. Tenn, Nov. 28, 2005) (motion to alter or amend judgment denied Mar. 22, 2006) (unpublished). While those actions were pending, the plaintiff's execution was stayed, and accordingly, it was not yet determined that the plaintiff would actually be executed. In fact, the plaintiff may well have faced ripeness issues had he challenged the lethal injection protocols before that determination was made. *See Martinez-Villareal v. Stewart*, 118 F.3d 628, 630 (9th Cir. 1997), *aff'd*, 523 U.S. 637, 640 (1998) (holding that an Eighth Amendment competency challenge was premature where the execution had been

6

stayed pending other challenges).[3]

The plaintiff cannot be said to have unduly delayed by failing to challenge his method of execution before it was certain that the execution in the challenged manner would occur. The record demonstrates that soon after learning that an execution would in fact occur—seven days after the Western District of Tennessee denied his motion to alter or amend judgment on his Rule 60(b) motion and just one day after the Tennessee Supreme Court set a new execution date—the plaintiff wrote Commissioner George Little, expressing his objections to the lethal injection protocol. (Docket No. 25, Ex. 1.) After failing to receive a response, the plaintiff filed this action on April 11, 2006. Under such circumstances, it would be strange jurisprudence to dismiss this action for "undue delay."

Accordingly, given the potentially dispositive nature of the Supreme Court's upcoming decision in *Hill*, as well as the fact that traditional preliminary injunction analysis weighs in favor of its being granted, a preliminary injunction will issue in this case.

## CONCLUSION

The plaintiff's Motion for Preliminary Injunction will be granted and his execution stayed pending further orders of the court.

---

[3]The lack of "undue delay" in this case is well illustrated by a comparison to *In re Sapp*, 118 F.3d 460, 464 (6th Cir. 1997). In that case, which was also a § 1983 action, the Sixth Circuit upheld the district court's determination that it lacked subject matter jurisdiction. *Id*. In addition, the court noted that the plaintiff had unduly delayed in bringing his action. The court projected that the plaintiff could have brought his claim anywhere between ten to fifteen years before he did so. *Id*. Presumably, the plaintiff before the Sixth Circuit in that case did not face the ripeness issues that Alley would have faced had he brought his Eighth Amendment challenge while his habeas petitions were outstanding.

7

An appropriate order will enter.

_____
ALETA A. TRAUGER
United States District Judge

8