UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SEDLEY ALLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:06-0340 |
| ) | Judge Trauger |
| GEORGE LITTLE, in his official capacity as ) | |
| Tennessee's Commissioner of Correction; ) | |
| RICKY BELL, in his official capacity as Warden, ) | |
| Riverbend Maximum Security Institution; ) | |
| JOHN DOE PHYSICIANS 1-100; ) | |
| JOHN DOE PHARMACISTS 1-100; ) | |
| JOHN DOE MEDICAL PERSONNEL 1-100; ) | |
| JOHN DOE EXECUTIONERS 1-100; and ) | |
| JOHN DOES 1-100, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM

Pending before the court is the Motion to Dismiss of Defendants Little and Bell (Docket No. 15), to which the plaintiff has responded (Docket No. 19) and the defendant has replied (Docket No. 20). Also pending is the plaintiff's Motion for Status Conference (Docket No. 35), to which the defendant has responded (Docket No. 37). On May 2, 2006, the court held the Motion to Dismiss in abeyance pending the United States Supreme Court's decision in *Hill v. McDonough*, No. 05-8794, 2006 WL 1584710 (U.S. June 12, 2006) (slip op.). (*See* Docket No. 22.) The Supreme Court issued its decision in *Hill* on June 12, 2006. *See id.* For the reasons discussed herein, the Motion to Dismiss of Defendants Little and Bell will be granted and, accordingly, the plaintiff's Motion for Status Conference will be denied.

1

**PROCEDURAL HISTORY**

On May 2, 2006, pending the Supreme Court's decision in *Hill*, this court held in abeyance the Motion to Dismiss of Defendants Little and Bell. (*See* Docket No. 22.) The issue before the Supreme Court in *Hill* was whether a death-sentenced inmate who sought to enjoin his execution in order to pursue a challenge to his state's lethal injection protocol could bring such a challenge under 42 U.S.C. § 1983 or whether the challenge instead had to be characterized as a habeas corpus petition under 28 U.S.C. § 2254. *See Hill*, 2006 WL 1584710, at *3. Citing the Supreme Court's rapidly approaching decision in *Hill*, this court held the plaintiff's case in abeyance because, as in *Hill*, the plaintiff's challenge to Tennessee's lethal injection protocol used § 1983 as a vehicle, despite the Sixth Circuit's clear instruction that such claims were to be treated as habeas petitions. (*See* Docket No. 21 at 5, 7.)

On May 4, 2006, with *Hill* not yet decided, the plaintiff sought injunctive relief to prohibit the defendants from executing him as planned. (*See* Docket No. 23.) The court granted the plaintiff's Motion for Preliminary Injunction on May 11th, 2006. (*See* Docket No. 28.) That same day, the defendants appealed this court's decision to the United States Court of Appeals for the Sixth Circuit. (*See* Docket No. 29.)

The following day, a Sixth Circuit panel vacated this court's injunction. *See Alley v. Little*, No. 06-5650, 2006 WL 1313365 (6th Cir. May 12, 2006) (slip op.), *reh'g en banc denied*, *Alley v. Little*, --- F.3d ---, No. 06-5650, 2006 WL 1320433 (6th Cir. May 16, 2006). In so doing, the Sixth Circuit assumed *arguendo* that the plaintiff's motion was properly filed as a § 1983 claim and determined that "even so understood, this suit affords no basis for the stay that has been granted." *See id.* at *2. The panel based its determination on, among other things, "the

2

small likelihood of Alley's success on the merits" and the "unnecessary delay" with which, it found, the plaintiff had challenged the protocol. *See id.* at *3.

## ANALYSIS

With its issuance of *Hill* earlier this week, the Supreme Court reiterated a state's "important interest in the timely enforcement of a sentence" and emphasized that "the federal courts can and should protect states from dilatory . . . suits." *See Hill*, 2006 WL 1584710, at *8.[1] The Court also highlighted the equitable powers of the federal courts "to dismiss suits [that are] speculative or filed too late in the day." *See id*. at *10; *see also Smith v. Johnson*, 440 F.3d 262, 263 (5th Cir. 2006). According to the Sixth Circuit, this case was filed too late in the day. *Alley*, 2006 WL 1313365 at *6 ("we take note of the unnecessary delay with which Alley brought his challenge to Tennessee's lethal injection protocol"). Although this court remains concerned about the interaction between a robust application of the "unnecessary delay" doctrine and traditional concepts of ripeness in the death penalty context, *see Martinez-Villareal v. Stewart*, 118 F.3d 628, 630 (9th Cir. 1997), *aff'd*, 523 U.S. 637, 640 (1998), it is not the function of this court to address such concerns, but rather to apply the law of the Sixth Circuit. The law of the Sixth Circuit is that unnecessary delay warrants dismissal, and that this case was unnecessarily delayed. *See Alley*, 2006 WL 1313365 at *6. This action, therefore, must be dismissed.

---

[1]The Supreme Court in *Hill* also found that plaintiffs such as the one in this case could properly use § 1983 as a vehicle for their challenges to lethal injection protocols. *See Hill v. McDonough*, No. 05-8794, 2006 WL 1584710, at *3 (U.S. June 12, 2006) (slip op.). Even given the plaintiff's renewed ability to pursue his challenge under this statute, however, the Sixth Circuit's determination that he was dilatory in his pursuit of these claims ultimately is fatal to his case.

3

## CONCLUSION

In accordance with the Sixth Circuit's finding that the plaintiff unduly delayed the filing of his challenge to Tennessee's lethal injection protocol, the Motion to Dismiss of Defendants Little and Bell will be granted and, accordingly, the plaintiff's Motion for Status Conference will be denied.

An appropriate order will enter.

_____
ALETA A. TRAUGER
United States District Judge

4